# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## MONOLETO D. GREEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-51959**

---

**No. M2009-01488-CCA-R3-HC - Filed February 23, 2010**

---

The Appellant appeals the trial court's dismissal of his petitions for habeas corpus and error coram nobis relief. Finding no error in the trial court's orders, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL, and ROBERT W. WEDEMEYER, J.J., joined.

H. Scott Saul, for the appellant, Monoleto D. Green.

Robert E. Cooper, Jr., Attorney General & Reporter, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The record reflects that on March 12, 2002, the Appellant pled guilty to the sale of cocaine. The Appellant filed the instant petitions for writs of habeas corpus and error coram nobis on May 13, 2009. The trial court summarily denied both in written orders filed on June 2, 2009. Following the Appellant's timely filing of a notice of appeal, pro se, the trial court appointed counsel to represent the Appellant on appeal before this Court. Appointed counsel now moves this Court, pursuant to Court of Criminal Appeals Rule 22, to withdraw from further representation based upon his conclusion that the instant appeal is frivolous under Anders v. California, 386 U.S. 738 (1967). The Appellant did not respond to counsel's motion. The Court agrees with counsel and hereby affirms the judgment of the trial court in accordance with Court of Criminal Appeals Rule 20.

The trial court dismissed the error coram nobis petition because it was not timely filed and because the issue presented could have been raised prior to or during the trial in this case. A petition seeking a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case." Tenn. Code Ann. § 40-26-105(b). Furthermore, the petition "will [only] lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment." Id. A trial court is not required to hold a hearing on the petition. See Richard Hale Austin v. State, No. W2005-02591-CCA-R3-CO, 2006 WL 3626332 (Tenn. Crim. App., Dec. 13, 2006). More importantly, a petition for a writ of error coram nobis must be filed within one year after the judgment becomes final in the trial court. State v. Mixon, 983 S.W.2d 661, 669-70 (Tenn. 1999). As the trial court noted, the petition in this case was filed more than seven years after the Appellant's guilty plea. Furthermore, tolling of the statute is not warranted because, as the trial court observed, the issue presented in the petition could have been litigated earlier. This Court concludes, therefore, that the trial court properly dismissed the petition without a hearing.

The trial court dismissed the habeas corpus petition because the Appellant failed to allege grounds or provide proof sufficient to sustain a viable habeas claim and because the Appellant did not file the petition in the proper venue. An application for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. At the time of filing, the Appellant was incarcerated at the West Tennessee State Prison in Lauderdale County. However, he filed his petition in Rutherford County. The Appellant failed to explain why he did not file his petition in the county in which he was incarcerated. Therefore, the trial court was correct in dismissing the petition because it was not filed in the appropriate venue.

For these reasons, the judgment of the trial court is affirmed in accordance with Court of Criminal Appeals Rule 20. Counsel's motion to withdraw is granted. The Appellant is hereby notified that he may petition the supreme court for review pursuant to Rule of Appellate Procedure 11. Any application for permission to appeal must be filed within sixty days of this opinion. The Clerk shall forward a copy of this opinion to the Appellant at his last known address.

_____
JERRY L. SMITH, JUDGE